## SUPREME COURT. ·

## In the matter of HENRY J. ANDERSON.

It is no valid objection to an *assessment* for flagging a side-walk on an avenue, that part of the old flagging was re-laid, and part of the old curb re-set, and included in the expense, where the ordinance does not direct that new flagging shall be used.

It is not an objection to such assessment that the lots are charged for the work done opposite each lot, while the expenses are charged equally on all the property per foot. It is a matter within the discretion of the assessors, who are to make the assessment according to the amount of benefit each lot receives from the improvement.

Neither is the objection that more than one lot is included in one assessment, any ground for vacating the same. Provision is made for apportioning the amount on each lot, if necessary ; and although it would be better to assess each lot by itself, yet when the same person owns the whole, no injury can be sustained by putting them together.

*New York Special Term, April,* 1870.

THIS was an application to vacate an assessment for flagging side-walks in First Avenue, in the city of New York, made under the act, chap., 338 of the laws of 1858.

The petition alleged the following grounds of objection :

1st. That under an ordinance directing the side-walk to be flagged, and curbstone to be set, a charge was made for re-laying old flagging, and re-setting curbstones.

2d. That the assessments were not apportioned according to the benefit derived by each lot, but that each lot was charged with the cost of the work done in front thereof, and the incidental expenses for surveying, advertising, &c., were charged upon each parcel in proportion to the frontage thereof.

3d. That the several lots mentioned in the petition were not separately assessed, but were assessed in one parcel.

Matter of Henry J. Anderson.

E. E. ANDERSON, *for petitioner.*

D. J. DEAN, *for corporation.*

INGRAHAM, P. J.—It is objected to this assessment, that part of the old flagging was re-laid and of old curb re-set, and the expense included.

The ordinance directed the avenue to be curbed and guttered, and side-walks flagged.

It does not direct that new flagging should be used, and if the contractor under the direction of the street commissioner, finds good flagging on part of the line and re-sets it only charging the expense of the labor, the petitioner has no cause to complain.

The ordinance is not violated, it does not appear that he has been injured, and there is clearly no fraud shown, but on the contrary a piece of honesty in fulfilling the contract which is to be commended rather than to be condemned.

It is neither fraud nor legal irregularity in laying the assessment that warrants setting it aside.

The second objection is that the lots are charged for the work done opposite each lot, while the expenses are charged equally on all the property, per foot equally.

For a long time past it has been the custom to assess all expenses for work and for making assessment, alike equally upon all the owners, per foot.

I believe this mode of assessment was first adopted in grading the Tenth Avenue, more than thirty years since, and has in most instances been followed since that time.

The reason of the charge in the avenue was that a large mass of rock had to be removed, and preparing the avenue for travel was an equal benefit to all the owners alike.

If that rule had been adopted in this case, it would have been within the discretion of the assessors, who are to make the assessment, according to the amount of benefit each lot receives from the improvement. It must be remembered that, although the street directly in front of the lot may

not require much expense to bring it to the grade, still the lot may be very much benefited by the grading beyond it, and the assessors are to judge of the extent of such benefit.

There is no wrong done, or irregularity committed, in making that assessment, nor is the objection that more than one lot is included in one assessment, any ground for vacating the same. The numbers are given both for ward and street, and the amount for all included in one sum.

Provision is made for apportioning this amount on each lot if necessary ; and although it would be better to assess each lot by itself, yet when the same person owns the whole, no injury can be sustained by putting them together.

There is no allegation that the petitioner is not the owner of all.

No good reason is shown for interfering with this assessment.

Application denied.